UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JONES,

    Plaintiff,

-vs-

CITY OF ALLEN PARK and IT'S
POLICE CHIEF KENNETH DOBSON
IN HIS OFFICIAL AND UNOFFICIAL
CAPACITY, Jointly and Severally,

    Defendants.
_____/

**03-71163**

Case No. 03-
HON. ROBERT H. CLELAND

Lower Court Case No. 03-306512-CZ

MAGISTRATE JUDGE SCHEER

RAYMOND GUZALL (P 60980)
Attorney for Plaintiff
30665 Northwestern Highway, Suite 255
Farmington Hills, Michigan 48334
(248) 538-0711

PAUL E. PEDERSEN (P 24355)
Attorney for Defendants
4057 Pioneer Drive, Suite 300
Commerce Twp., Michigan 48390-1363
(248) 363-6400
_____/

PEDERSEN, KEENAN, KING, WACHSBERG & ANDRZEJAK, P.C.

## NOTICE OF REMOVAL
## PURSUANT TO 28 USC §1446

NOW COMES the Defendants, City of Allen Park and It's Police Chief Kenneth Dobson, by and through their attorneys, Pedersen, Keenan, King, Wachsberg & Andrzejak, P.C., and in support of the removal petition, states as follows:

1.     On or about February 28, 2003, Plaintiff Larry Jones filed the above-captioned lawsuit against the City of Allen Park and It's Police Chief Kenneth Dobson.

2. The Summons and Complaint were served upon the Defendants on March 3, 2003.

3. Attached hereto as Exhibit 1 is a copy of the documents served upon the Defendants, which include the Verified Complaint, Jury Demand and Summons.

4. As reflected by the documents contained in Exhibit 1, Plaintiff is making claims of violations of various Federal Constitutional Provisions, including constitutional rights violations identified in § 1983 and first amendment retaliation claims. Said Complaint contains federal issues.

5. That State actions are moot pursuant 28 USC §1441(B) inasmuch as it involves claims of federal civil rights violations.

6. That the removal is timely as it has been within thirty (30) days of the date of service of the Summons and Complaint upon these Defendants.

7. Defendants hereby remove the State action to this Court pursuant to 228 USC 1446.

PEDERSEN, KEENAN, KING,
WACHSBERG & ANDRZEJAK, P.C.

BY: _____
PAUL E. PEDERSEN (P 24355)
Attorney for Defendants
4057 Pioneer Drive, Suite 300
Commerce Township, MI 48390-1363
(248) 363-6400

Dated: March 24, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JONES,

        Plaintiff,

-vs-

CITY OF ALLEN PARK and IT'S
POLICE CHIEF KENNETH DOBSON
IN HIS OFFICIAL AND UNOFFICIAL
CAPACITY, Jointly and Severally,

        Defendants.
_____/

Case No. 03-71163
HON. ROBERT H. CLELAND

Lower Court Case No. 03-306512-CZ

MAGISTRATE JUDGE SCHEER



RAYMOND GUZALL (P 60980)
Attorney for Plaintiff
30665 Northwestern Highway, Suite 255
Farmington Hills, Michigan 48334
(248) 538-0711

PAUL E. PEDERSEN (P 24355)
Attorney for Defendants
4057 Pioneer Drive, Suite 300
Commerce Twp., Michigan 48390-1363
(248) 363-6400
_____/

## NOTICE OF FILING REMOVAL PURSUANT TO 28 USC §1446

TO:    CLERK OF THE COURT    and    RAYMOND GUZALL III, ESQ.
        Wayne County Circuit Court               Attorney for Plaintiffs

PLEASE TAKE NOTICE that in accordance with 28 USC §1446, the above entitled matter has been removed to the United States District Court, Eastern District, Southern Division of the State of Michigan, pursuant to the attached Notice of Removal which was filed with the Court by Defendants on or about March 24, 2003.

PEDERSEN, KEENAN, KING,
WACHSBERG & ANDRZEJAK, P.C.

BY: _____
PAUL E. PEDERSEN (P 24355)
Attorney for Defendants
4057 Pioneer Drive, Suite 300
Commerce Township, MI 48390-1363
(248) 363-6400

Dated: March 24, 2003

2


JURY FEE PAID
DATE:
FEB 28 2003

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**LARRY JONES**

        Plaintiff,

v.

**CITY OF ALLEN PARK** and
**IT'S POLICE CHIEF KENNETH
DOBSON IN HIS OFFICIAL AND
UNOFFICIAL CAPACITY**
Jointly and Severally,
        Defendant's

03-306512 CZ   2/28/2003
JDG:ISIDORE B TORRES
JONES LARRY
   vs
ALLEN PARK CITY OF

_____/

RAYMOND GUZALL III P60980
BARRY A. SEIFMAN, P.C.
Attorney for Plaintiff
30665 Northwestern Highway #255
Farmington Hills, MI 48334
(248) 538-0711
_____/

### VERIFIED COMPLAINT and JURY DEMAND

NOW COME, Plaintiff **LARRY JONES** by and through his attorney Raymond Guzall III of Barry A. Seifman, P.C. and hereby complains against Defendant's **CITY OF ALLEN PARK** and **IT'S POLICE CHIEF KENNETH DOBSON IN HIS OFFICIAL AND UNOFFICIAL CAPACITY**, Jointly and Severally, and so states as follows:

### COUNT I

### VIOLATION OF CONSTITUTIONAL RIGHTS AND WHISTLEBLOWER ACT,

1. That Plaintiff **LARRY JONES**, at all times pertinent hereto was a resident of Allen Park, County of Wayne, State of Michigan.

2. The Defendant **CITY OF ALLEN PARK** is a municipality within Wayne

)                                                                   )

County, state of Michigan with its City Hall located at 16850 Southfield Rd., Allen Park, MI 48101. The Defendant **POLICE CHIEF KENNETH DOBSON IN HIS OFFICIAL AND UNOFFICIAL CAPACITY** is the Chief of Police for the City of Allen Park, with his office located within Wayne County, state of Michigan within the Allen Park City Hall located at 16850 Southfield Rd., Allen Park, MI 48101.

3. That Plaintiff was subject to retaliation, harassment, an offensive, intimidating, adverse and hostile work environment which substantially interfered with and adversely affected Plaintiff's work performance, in violation of the Whistleblower's Protection Act, M.C.L. § 15.361 et seq., the State of Michigan's state public policy to speak honestly and frankly regarding any matters of public concern, employees or persons rights and his Constitutional rights including but not limited to violations of the First and Fourteenth Amendments and Section 1983 and said allegations being incorporated into each paragraph within this Complaint.

4. Late in the year of 2000, Ken Dobson told me that I should have kept Officer Marcos Madrigal at work on the desk and count how many times he went to the bathroom after I explained to Ken Dobson that Mr. Madrigal had a doctors note.

5. The day after the incident in paragraph 4 herein, Ken Dobson yelled at me for approximately 15 minutes and stated that I had "no balls as a supervisor and I don't know how I could trust you to do anything if you screw this up".

)                                          )

6. On or about February 3, 2002 a stabbing incident occurred on the front lawn of Ken Dobson's residence involving his next door neighbors.

7. On or about February 4, 2002 Ken Dobson threatened Plaintiff that he was bringing charges against him in relation to the stabbing incident occurring on Dobson's front lawn.

8. On or about the 24th of March, 2002 another stabbing incident occurred within the City of Allen Park.

9. No detectives were called in regards to the March 24, 2002 stabbing incident.

10. The Chief of Police Ken Dobson was not called in regards to the March 24, 2002 stabbing incident.

11. No officer was disciplined in regards to the March 24, 2002 stabbing incident.

12. Proper departmental rules were not followed in regards to the March 24, 2002 stabbing incident.

13. Plaintiff was wrongfully disciplined in regards to the February 2002 stabbing.

14. Although no discipline was doled out in regards to the March 24, 2002 stabbing incident, because Plaintiff was disciplined in regards to the February 2002 stabbing, discipline should have been doled out in regards to the March 24, 2002 stabbing incident.

15. Plaintiff was wrongfully charged in order to control and dissuade his testimony in the Madrigal lawsuit and City of Allen Park Commission

hearings.

16. On February 6, 2002, Beverly Kelley, the City Clerk told me Ken Dobson's version of the stabbing incident in terms of me personally screwing up.

17. Ken Dobson's relaying such personal information to the City Clerk was in violation of departmental policy, including but not limited to Section 4-36.

18. On or about February 19, 2002 an attempted homicide occurred in the City of Allen Park.

19. Ken Dobson was at the scene of that attempted homicide.

20. Ken Dobson never wrote a supplemental report regarding that attempted homicide.

21. On April 24, 2002 Plaintiff was deposed in the Madrigal lawsuit.

22. In that deposition, Plaintiff stated that he feared retribution from Chief Dobson if he testified truthfully.

23. On or about May 3, 2002 Plaintiff presented a letter to Kevin Welch, the City Administrator regarding harassment he was experiencing.

24. On or about May 6, 2002, Ken Dobson sent Plaintiff a letter stating that he was not entitled to overtime.

25. On or about May 15, 2002, Ken Dobson sent Plaintiff a letter stating that he was going to take the overtime pay already received by Plaintiff out of his pay.

26. On or about May 15, 2002, Plaintiff provided proof to his supervisor Lt. Koller that other officers had received overtime pay while on FMLA.

27. On or about May 16, 2002, Kevin Welch, the City Administrator stated that

he was the one to hear Plaintiff's harassment complaint.

28. On May 23, 2002, Plaintiff emailed Chief Dobson a complaint regarding the hostile work environment.

29. On or about May 29, 2002 Plaintiff gave testimony in regards to Officer Madrigal at a City Commission hearing where Plaintiff also testified that he feared retribution for his testimony.

30. On or about March 14, 2002, Plaintiff filed a grievance regarding the unfounded charges brought by Ken Dobson as to the stabbing incident.

31. Lt. Koller and Ken Dobson extended the time frame of Plaintiff's March 14, 2002 grievance at every step in order to hold any possible discipline over his head in order to control and dissuade his testimony in the Madrigal lawsuit and City of Allen Park Commission hearings.

32. Lt. Koller explained to Plaintiff that if he did not pay one half of his overtime back to the City that the City would sue him.

33. Plaintiff signed off on the overtime grievance under duress.

34. On June 6, 2002, the City introduced a new policy in order to prevent paying out overtime to employees.

35. That June 6, 2002 policy introduced by the City was not applicable to Plaintiff because Plaintiff's overtime issue occurred in April of 2002.

36. The City inappropriately applied that new policy to Plaintiff's April 2002 overtime issue.

37. Such action was retaliation and harassment upon Plaintiff for giving truthful testimony in regards to Mr. Madrigal's lawsuit and Commission

hearing.

38. On June 18, 2002, Plaintiff interviewed for an undercover assignment controlled by the FBI.

39. After Plaintiff was interviewed for the job, and Officer Jon Mathis was interviewed for the job, Ken Dobson immediately congratulated Jon Mathis and said you got the job, without talking to the FBI personnel who conducted the interviews.

40. Ken Dobson did not review the findings of the FBI personnel prior to congratulating Mr. Mathis.

41. Plaintiff has approximately 5 years seniority over Jon Mathis.

42. The interviews were nothing more than a facade as Plaintiff was not even considered for the position.

43. Such action was retaliation and harassment upon Plaintiff for giving truthful testimony in regards to Mr. Madrigal's lawsuit and Commission hearing.

44. On or about August 28, 2002, the Deputy Chief called Plaintiff into his office for the sole purpose of taking Plaintiff's armory key.

45. Detective Faulkner still has his armory key and is no longer on the road.

46. Plaintiff is the Assemble Officer for the Downriver Mutual Aid Task Force and no longer has an armory key to assemble weapons for the men.

47. Such action was retaliation and harassment upon Plaintiff for giving truthful testimony in regards to Mr. Madrigal's lawsuit and Commission hearing.

48. In September of 2002, Plaintiff met with Inspector Tringer regarding false rumors that were being circulated about Plaintiff.

49. Around September of 2002, various police officers tole Plaintiff to watch his back because the City Administration and police department was out to get him.

50. On October 2, 2002 Plaintiff submitted a formal claim of harassment to the City Administrator, Kevin Welch.

51. In September of 2002, Plaintiff overheard Lt. Kohler, the union president, state that Plaintiff was not going to make it as a detective.

52. Plaintiff notified Lt. Tringer of Lt. Kohler's statement in the previous paragraph above.

53. The City never replied in writing to Plaintiff's harassment claim.

54. On October 25, 2002, Plaintiff was approved for time off by Lt. Tringer and was scheduled to return to work on November 4, 2002.

55. Lt. Tringer was told by Plaintiff that he was heading up north.

56. Plaintiff filed a civil rights complaint against the City of Allen Park and Chief Dobson on October 25, 2002.

57. Deputy Chief Gallow called Plaintiff's wife on October 25, 2002 and stated that Plaintiff was scheduled for diversity training on October 29, 2002 and that it was mandatory.

58. Diversity training was also available on November 6, 7, and 18 of 2002.

59. Plaintiff was notified of the mandatory training after an hour and a half outside of Allen Park while on his way up north to Atlanta, Michigan.

60. Plaintiff had ordered wood to put log siding on his cabin in Atlanta and had scheduled a delivery date which he had to cancel because of the "mandatory" training.

61. Plaintiff could have attended the "mandatory" training on another date.

62. Such action was retaliation and harassment upon Plaintiff for giving truthful testimony in regards to Mr. Madrigal's lawsuit and Commission hearing.

63. Plaintiff's wife was also harassed on numerous occasions due to Plaintiff giving truthful testimony in regards to Mr. Madrigal's lawsuit and Commission hearing.

64. On November 11, 2002 police dispatcher Kochevar notified Plaintiff that his sons car was on fire in the street.

65. The only suspect in regards to the fire passed a lie detector test.

66. Currently the case is still open with no suspects.

67. Plaintiff signed an affidavit on January 31, 2003 stating that in part that, "During my testimony before the Commission and my deposition regarding the Madrigal lawsuit, I did not want to believe that Chief Dobson's actions against Mr. Madrigal were racially or ethnically motivated. However, over the past 6 months and after review of the endless harassment and retaliation I have witnessed and review of Chief Dobsons' and the City of Allen Parks' remarks and actions taken against Marcos Madrigal, I have come to the opinion that Chief Dobson and the City of Allen Park hate Mr. Madrigal to a degree that I now believe their actions in the past and

present to be motivated because of Mr. Madrigals' Mexican and/or Hispanic origin."

68. Since the signing of that affidavit on January 31, 2003 the City and it's employees have continued to harass and retaliate against Plaintiff in violation of the causes of action contained herein.

69. As a result of the false condemnations about your Plaintiff's ability as a detective it created a stigma thereby tarnishing his reputation and standing in the community and the department and furthered his anguish and security towards employment advancement and increased his damages.

70. All protected speech within this Complaint may be fairly characterized as constituting speech on matters of public concern.

71. All conduct engaged in by Plaintiff herein was and is protected conduct.

72. The policies created by the City and it's Police Chief and the delegation of such policy making to the Police Chief created illegal policies that were permitted to be enforced discriminating against Plaintiff and as such Your Defendant City is responsible for it's permitting such illegal policies, failure to take action after receiving notice of such practice and fostering such disparate treatment of Plaintiff under color of law without proper supervision, knowing of such conduct.

73. Plaintiff suffered loss of consortium and a disruption of family lifestyle due to the actions of Defendant's within and outside of this Complaint.

74. As a result of these premises, Plaintiff has been greatly damaged, in

violation of the afore stated causes, in that they have he suffered mental anguish, disruption to the family life style and loss of consortium.

75. All of the claims herein are a continuing violation of the Whistleblower Act and Plaintiff's Constitutional rights, Section 1983 claim and First Amendment retaliation claim.

76. As a result of these premises, Plaintiff Larry Jones has been greatly damaged, in violation the afore stated causes of action in that he has suffered great economic and emotional harm, and a great loss of earning capacity, salary lost, emotional injuries with pain and suffering, including intentional infliction of emotional distress, and mental anguish, incurring medical expenses, all of which he has suffered during his employment with the Allen Park Police Department and currently suffers from, and can be reasonably expected to suffer for the rest of his life.

77. That Plaintiff LARRY JONES has been damaged thereby in excess of Twenty-Five Thousand ($25,000.00) Dollars.

78. That the conduct of the Defendants is so outrageous it calls for exemplary damages.

WHEREFORE, Plaintiff, LARRY JONES prays for judgment against Defendants, **CITY OF ALLEN PARK** and **IT'S POLICE CHIEF KENNETH DOBSON IN HIS OFFICIAL AND UNOFFICIAL CAPACITY** jointly and severally, in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, plus costs and interest including past and future damages, exemplary damages, and attorney fees.

Respectfully Submitted,

_____
Raymond Guzall III (P60980)
of Barry A. Seifman, P.C.
Attorney for Plaintiff
30500 Northwestern Hwy, Ste 425
Farmington Hills, MI 48334
(248)538-0711

Dated: 2-27-03

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED